IGNACIA S. MORENO
Assistant Attorney General
SETH M. BARSKY, Section Chief
DANIEL POLLAK, Trial Attorney (Cal. Bar 264285)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C.  20044-7369
Tel: (202) 305-0201
Fax: (202) 305-0275

Attorneys for Federal Defendants

*Additional attorneys listed on signature page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:10-CV-00271-TMB |
| JANE LUBCHENCO, ET AL. | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| ALASKA SEAFOOD COOPERATIVE, ET AL., | ) |
| | ) Case No. 3:11-CV-00001-TMB |
| | ) |
|     Plaintiffs, | ) |
| | ) **FEDERAL DEFENDANTS' ANSWER** |
| v. | ) **TO ALASKA SEAFOOD** |
| | ) **COOPERATIVE,** *ET AL.***'S FIRST** |
| NATIONAL MARINE FISHERIES SERVICE, ET AL, | ) **AMENDED COMPLAINT** |
| | ) |
|     Defendants. | ) |
| | ) |
| FREEZER LONGLINE COALITION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:11-CV-00004-TMB |

JANE LUBCHENCO, ET AL.        )
                                                 )
           Defendants.                 )

The National Marine Fisheries Service ("NMFS"), Gary Locke, Jane Lubchenco, and James Balsiger (collectively "Federal Defendants") plead as follows in response to the First Amended Complaint ("Complaint") of Plaintiffs Alaska Seafood Cooperative, *et al*. ("Plaintiffs") (Docket No. 17). The numbered paragraphs of Federal Defendants' Answer correspond to the numbered paragraphs of Plaintiffs' Complaint. Federal Defendants, by and through counsel, deny every statement, matter, allegation or thing in Plaintiffs' Complaint unless hereinafter specifically admitted or modified. In response to the like-numbered paragraphs of Plaintiffs' Complaint, Federal Defendants hereby state and aver as follows:

## INTRODUCTION

1. The allegations in the first, second and fourth sentences of Paragraph 1 are the Plaintiffs' description of the nature of their suit that requires no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations. The third sentence of Paragraph 1 purports to characterize NMFS's November 21, 2010 Final Biological Opinion on Bering Sea and Aleutian Islands groundfish fisheries ("Final Biological Opinion"), a document that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with its plain language and meaning.

2. The allegations in Paragraph 2 are the Plaintiffs' description of the nature of their suit and legal conclusions that require no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

## JURISDICTION AND VENUE

3.   The allegations in Paragraph 3 are legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

4.   The allegations in Paragraph 4 are legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

5.   The allegations in the first sentence of Paragraph 5 are legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.  Federal Defendants admit the allegations in the second sentence of Paragraph 5.

6.   The allegations in Paragraph 6 are legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

7.  The allegations in the first and second sentences of Paragraph 7 are legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.  Federal Defendants admit the allegations in the third sentence of Paragraph 7.

## PARTIES

8.   Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 8, and deny them on that basis.  The remainder of Paragraph 8 purports to characterize Amendment 80 to the Bering Sea and Aleutian Islands ("BSAI") Fishery Management Plan ("FMP"), a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with its plain language and meaning.

9.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9, and deny them on that basis.

10.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and deny them on that basis.

11.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and deny them on that basis.

12.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and deny them on that basis.

13. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and deny them on that basis.

14.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14, and deny them on that basis.

15.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15, and deny them on that basis.

16. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16, and deny them on that basis.

17.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17, and deny them on that basis.

18.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18, and deny them on that basis.

19.  The allegations in Paragraph 19 are vague and ambiguous, and Federal Defendants

deny them on that basis.

20.  The allegations in Paragraph 20 are vague and ambiguous and Federal Defendants deny them on that basis.  Federal Defendants aver that Alaska Seafood Cooperative provided written comments to the draft Biological Opinion and the EA/RIR, and provided public testimony on the draft Biological Opinion and the EA/RIR to the North Pacific Fishery Management Council ("NPFMC").

21.  The allegations in Paragraph 21 are legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

22.  Federal Defendants admit the allegations in Paragraph 22.

23.  Federal Defendants admit the allegations in Paragraph 23.

24.  Federal Defendants admit the allegations in Paragraph 24.

25.  Federal Defendants admit the allegations in Paragraph 25.

## LEGAL BACKGROUND

26.  The allegations in Paragraph 26 purport to characterize the Endangered Species Act ("ESA"), a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the ESA.

27.  The allegations in Paragraph 27 purport to characterize regulations under the ESA, regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the ESA regulations.

28.  The allegations in Paragraph 28 purport to characterize the ESA and unspecified

court decisions, a statute and court decisions that speak for themselves and contain the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the ESA and any such court decisions.

29.  The allegations in the first sentence of Paragraph 29 purport to characterize the ESA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the ESA.  Federal Defendants admit the allegations in the second sentence of Paragraph 29.

30.  The allegations in Paragraph 30 purport to characterize the ESA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the ESA.

31.  The allegations in Paragraph 31 purport to characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the ESA statute and regulations.

32.  The allegations in Paragraph 32 purport to characterize the U.S. Fish and Wildlife Service and NMFS 1998 ESA Consultation Handbook, a document that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

33.  The allegations in Paragraph 33 purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the

plain language and meaning of the MSA.

34.   The allegations in Paragraph 34 purport to characterize the MSA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the MSA.

35.   Federal Defendants deny the allegations in Paragraph 35, and aver that the NPFMC has authority under the MSA to recommend fishery management plans ("FMPs"), fishery management plan amendments, and regulations consistent with those fishery management plans and amendments, that, when approved by the Secretary of Commerce, regulate federal fishing in the Exclusive Economic Zone ("EEZ") off Alaska.  Federal Defendants further aver that FMPs developed by the NPFMC govern the management of groundfish fisheries within the EEZ in the Bering Straits and Aleutian Islands ("BSAI") and the Gulf of Alaska ("GOA").

36.   The allegations in Paragraph 36 purport to characterize the MSA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the MSA.

37.   The allegations in Paragraph 37 purport to characterize the MSA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the MSA.

38.   The allegations in the first sentence of Paragraph 38 purport to characterize the MSA and the National Environmental Policy Act ("NEPA"), statutes that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the MSA and NEPA.  Federal Defendants admit the

allegations in the second sentence of Paragraph 38.

39.   The allegations in Paragraph 39 purport to characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA statute and regulations.

40.   The allegations in Paragraph 40 purport to characterize NEPA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of NEPA.

41.   The allegations in Paragraph 41 purport to characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA statute and regulations.

42.   The allegations in Paragraph 42 purport to characterize regulations under NEPA, regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA regulations.

43.   The allegations in Paragraph 43 purport to characterize regulations under NEPA, regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA regulations.

44.   The allegations in Paragraph 44 purport to characterize NEPA and regulations

thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA statute and regulations.

45.  The allegations in Paragraph 45 purport to characterize regulations under NEPA, regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA regulations.

46.  The allegations in Paragraph 46 purport to characterize the Administrative Procedure Act ("APA"), a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the APA.

47.  The allegations in Paragraph 47 purport to characterize the APA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the APA.

48.  The allegations in Paragraph 48 purport to characterize the APA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the APA.

49.  The allegations in Paragraph 49 purport to characterize the Regulatory Flexibility Act ("RFA"), a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the RFA.

50.  The allegations in Paragraph 50 purport to characterize the RFA, a statute that speaks

for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation

inconsistent with the plain language and meaning of the RFA.

## FACTUAL BACKGROUND

51.  Federal Defendants admit the allegations in Paragraph 51.

52.  Federal Defendants admit the allegations in Paragraph 52.

53.  Federal Defendants admit the allegations in the first sentence of Paragraph 53.

Federal Defendants admit the allegations in the second sentence of Paragraph 53, and aver that in

2008, the estimated worldwide population of Steller sea lions was about 133,000 animals.

54.  Federal Defendants admit the allegations in Paragraph 54.

55.  The allegations in Paragraph 55 purport to characterize NMFS's critical habitat

designation for the Steller sea lion published at 58 Fed. Reg. 45,269 (Aug. 27, 1993), a rule that

speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

inconsistent with its plain language and meaning.

56.  Federal Defendants admit the allegations in the first two sentences of Paragraph 56.

In response to the third sentence of Paragraph 56, Federal Defendants admit that as of 2008, the

worldwide population of Steller sea lion was estimated to total about 133,000 animals, with

approximately 70,000 in the western DPS and 63,000 in the eastern DPS, with an estimated

population in Russia of approximately 25,000.

57.  Federal Defendants admit the allegations in the first sentence of Paragraph 57.  The

allegations in the second sentence of Paragraph 57 purport to characterize NMFS's biological

opinion for the 1999-2002 pollock and Atka mackerel fisheries, a document that speaks for itself

and contains the best evidence of its contents.  Federal Defendants deny any allegation

inconsistent with its plain language and meaning.

58.   In response to the allegations in Paragraph 58, Federal Defendants admit that NMFS

prepared a biological opinion on the effects of the federal groundfish fisheries on Steller sea lions

in 2001, which it supplemented in 2003.  The remaining allegations in Paragraph 58 purport to

characterize NFMS's 2001 biological opinion; its 2003 supplement; and the rule published by

NMFS, "Fisheries of the Exclusive Economic Zone Off Alaska; Revision of Steller Sea Lion

Protection Measures for the Pollock and Pacific Cod Fisheries in the Gulf of Alaska," 69 Fed.

Reg. 75,865 (Dec. 20, 2004), documents that speak for themselves and are the best evidence of

their contents.  Federal Defendants deny any allegation inconsistent with their plain language and

meaning.

59.   Federal Defendants admit the allegations in the first sentence of Paragraph 59.  The

remaining allegations in Paragraph 59 purport to characterize the 2008 recovery plan for the

Steller sea lion ("2008 Recovery Plan), a document that speaks for itself and is the best evidence

of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and

meaning.

60.   The allegations in Paragraph purport to characterize the NMFS analysis of Steller sea

lion population trends in the Final Biological Opinion, a document that speaks for itself and is

the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the

Final Biological Opinion's plain language and meaning.

61.   The allegations in Paragraph 61 purport to characterize the NFMS finding entitled

"Endangered and Threatened Species; 90-Day Finding on Petitions To Delist the Eastern Distinct Population Segment of the Steller Sea Lion," 75 Fed. Reg. 77,603 (Dec. 13, 2010), a finding that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with its plain language and meaning.

62. Federal Defendants admit the allegations in the first and second sentences of Paragraph 62. The allegations in the third sentence of Paragraph 62 are vague and ambiguous and Federal Defendants deny them on that basis, and aver that NMFS does not view Atka mackerel stocks to be currently overfished or approaching an overfished condition. The fourth sentence of Paragraph 62 purports to characterize NMFS's 2010 Stock Assessment Survey on Atka mackerel, a document that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with its plain language and meaning.

63. Federal Defendants admit the allegations in the first sentence of Paragraph 63. The allegations in the second sentence of Paragraph 63 are vague and ambiguous, and Federal Defendants deny them on that basis.

64. Federal Defendants admit the allegations in Paragraph 64.

65. Federal Defendants admit the allegations in the first sentence of Paragraph 65. The second sentence of Paragraph 65 purports to characterize the NMFS Alaska Region Sustainable Fisheries Division's April 2006 request for consultation to the Protected Resources Division, a document that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with its plain language and meaning. The third sentence of Paragraph 65 purports to characterize the Alaska Region's 2006 biological assessment, a document that

speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.  Federal Defendants admit the allegations in the fourth sentence of Paragraph 65.

66.  The allegations in Paragraph 66 purport to characterize NMFS' December 26, 2007 notice of intent to prepare an Environmental Impact Statement ("EIS") published at 72 Fed. Reg. 72,992, a notice that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

67.  Federal Defendants admit the allegations in the first sentence of Paragraph 67.  The remaining allegations in Paragraph 67 purport to characterize the August 2, 2010 draft biological opinion ("Draft Biological Opinion"), a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

68.  The allegations in Paragraph 68 purport to characterize the Draft Biological Opinion, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

69.  In response to the allegations in the first sentence of Paragraph 69, Federal Defendants admit that on August 2, 2010, NFMS released a Draft Environmental Assessment/Regulatory Impact Report ("Draft EA/RIR") under NEPA.  Federal Defendants deny that the Draft EA/RIR was incomplete.  The remaining allegations in Paragraph 69 purport to characterize the Draft EA/RIR, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and

meaning.

70.  Federal Defendants admit the allegations in Paragraph 70.

71.  Federal Defendants admit the allegations in the first sentence of Paragraph 71.  The allegations in the second sentence of Paragraph 71 are vague and ambiguous, and Federal Defendants deny them on that basis, and aver that the NPFMC and its committees received public comment on the Draft Biological Opinion and its proposed Reasonable and Prudent Alternative ("RPA").  In response to the allegations in the third sentence of Paragraph 71, Federal Defendants admit that the NPFMC passed a motion on August 20, 2010.  The remaining allegations in the third sentence of Paragraph 71 purport to characterize the NPFMC motion passed on August 20, 2010, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

72.  The allegations in Paragraph 72 purport to characterize he NPFMC motion passed on August 20, 2010, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

73.  The allegations in the first sentence of Paragraph 73 purport to characterize comments by Plaintiffs regarding the Draft Biological Opinion, comments that speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with their plain language and meaning.  Federal Defendants deny the allegations in the second sentence of Paragraph 73.

74.  Federal Defendants admit the allegations in Paragraph 74, and aver that NMFS

considered all comments received during the development of its Final Biological Opinion and the Draft EA/RIR.

75.  Federal Defendants admit the allegations in Paragraph 75.

76.  Federal Defendants admit the allegations in Paragraph 76.

77.  The allegations in Paragraph 77 purport to characterize the Final Biological Opinion released December 8, 2010, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

78.  The allegations in the first sentence of Paragraph 78 are vague and ambiguous, and Federal Defendants deny them on that basis.  The remaining allegations in Paragraph 78 purport to characterize the Final Biological Opinion, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

79.  Federal Defendants admit the allegations in Paragraph 79.

80.  Federal Defendants admit the allegations in the first sentence of Paragraph 80.  The second sentence of Paragraph 80 purports to characterize the Interim Final Rule published by NMFS at 75 Fed. Reg. 75,535 (Dec. 13, 2010), a rule that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.  The allegations in the third sentence of Paragraph 80 are vague and ambiguous, and Federal Defendants deny them on that basis.

81.  Federal Defendants deny the allegations in Paragraph 81.

82.   Federal Defendants deny the allegations in Paragraph 82, and aver that the Interim Final Rule was published on December 13, 2010, with a 30-day comment period running through January 12, 2011, which was later extended for 45 days to run through February 28, 2011.

83.   The allegations in Paragraph 83 are vague and ambiguous, and Federal Defendants deny them on that basis.

84.   The allegations in the first sentence of Paragraph 84 are vague and ambiguous, and Federal Defendants deny them on that basis.  The second sentence of Paragraph 84 purports to characterize the August 2010 Draft EA/RIR, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

85.   The allegations in Paragraph 85 purport to characterize the Final EA/RIR, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

86.   The allegations in the first and fourth sentences of Paragraph 86 purport to characterize the Final EA/RIR, document that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with its plain language and meaning.  Federal Defendants admit the allegations in the second sentence of Paragraph 86, and aver that under the Interim Final Rule, fishermen in the Bering Sea subarea will have the ability to catch and retain Atka mackerel up to the maximum retainable amounts specified in Federal regulations.  The allegations in the third sentence of Paragraph 86 are vague and ambiguous, and Federal Defendants deny them on that basis.

87. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 87, and deny them on that basis. The allegations in the second sentence of Paragraph 87 purport to characterize the Final EA/RIR, a document that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with its plain language and meaning.

88. The allegations in the first sentence of Paragraph 88 are vague and ambiguous, and Federal Defendants deny them on that basis. In response to the allegations in the second sentence of Paragraph 88, Federal Defendants deny that adverse effects are not adequately evaluated or disclosed in the EA/RIR. The remaining allegations in the second sentence of Paragraph 88 are vague and ambiguous, and Federal Defendants deny them on that basis.

## FIRST CLAIM FOR RELIEF

89. Federal Defendants incorporate herein by reference the responses to each allegation set forth in paragraphs 1 through 88 of the Answer.

90. Federal Defendants deny the allegations in Paragraph 90.

91. Federal Defendants deny the allegations in Paragraph 91, including its subparts (i)-(x).

92. Federal Defendants deny the allegations in Paragraph 92, including its subparts (i)-(vi).

93. Federal Defendants deny the allegations in Paragraph 93.

## SECOND CLAIM FOR RELIEF

94. Federal Defendants incorporate herein by reference the responses to each allegation

set forth in paragraphs 1 through 93 of the Answer.

95.   Federal Defendants deny the allegations in Paragraph 95.

96.   Federal Defendants deny the allegations in Paragraph 95, including its subparts (i)-(v).

97.   Federal Defendants deny the allegations in Paragraph 97.

### THIRD CLAIM FOR RELIEF

98.   Federal Defendants incorporate herein by reference the responses to each allegation set forth in paragraphs 1 through 97 of the Answer.

99.   Federal Defendants deny the allegations in the first sentence of Paragraph 99.  The second sentence of Paragraph 99 purports to characterize the MSA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the MSA.  Federal Defendants admit the allegations in the third sentence of Paragraph 99.

100.   Federal Defendants deny the allegations in Paragraph 100.

101.   Federal Defendants deny the allegations in Paragraph 101, including its subparts (i)-(v).

102.   Federal Defendants deny the allegations in Paragraph 102.

103.   Federal Defendants deny the allegations in Paragraph 103.

104.   Federal Defendants deny the allegations in Paragraph 104.

### FOURTH CLAIM FOR RELIEF

105.   Federal Defendants incorporate herein by reference the responses to each allegation

set forth in paragraphs 1 through 104 of the Answer.

106.  Federal Defendants deny the allegations in Paragraph 106.

107.  The allegations in Paragraph 107 purport to characterize regulations under NEPA, regulations that speak for themselves and contain the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the NEPA regulations.

108.   Federal Defendants deny the allegations in Paragraph 108.

109.  The first sentence of Paragraph 109 purports to characterize NEPA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of NEPA.  In response to the second sentence of Paragraph 109, Federal Defendants admit that NMFS prepared an EA rather than an EIS regarding the environmental effects of the Interim Final Rule.  The remainder of the second sentence of Paragraph 109 purports to characterize the NMFS' December 26, 2007 notice of intent to prepare an EIS published at 72 Fed. Reg. 72,992, a notice that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

110.  The first sentence of Paragraph 110 purports to characterize NEPA, a statute that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of NEPA.  The allegations in the second sentence of Paragraph 110 are vague and ambiguous, and Federal Defendants deny them on that basis.

111.  Federal Defendants deny the allegations in Paragraph 111.

112.  Federal Defendants deny the allegations in Paragraph 112.

113.  Federal Defendants deny the allegations in Paragraph 113.

114.  Federal Defendants deny the allegations in the first two sentences of Paragraph 114. The allegations in the third sentence of paragraph 114 state legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

## FIFTH CLAIM FOR RELIEF

115.  Federal Defendants incorporate herein by reference the responses to each allegation set forth in paragraphs 1 through 114 of the Answer.

116.  Federal Defendants deny the allegations in Paragraph 116.

117.  The allegations in Paragraph 117 purport to characterize the Draft EA/RIR, a document that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

118.  The allegations in Paragraph 118 purport to characterize the Final EA/RIR, a document that speaks for itself and contains the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with its plain language and meaning.

119.  Federal Defendants deny the allegations in Paragraph 119.

## SIXTH CLAIM FOR RELIEF

120.  Federal Defendants incorporate herein by reference the responses to each allegation set forth in paragraphs 1 through 119 of the Answer.

121.  The allegations in Paragraph 121 purport to characterize the APA and the MSA, statutes that speak for themselves and contains the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the APA and the MSA.

122.  The allegations in the first sentence of Paragraph 122 purport to characterize the APA and the MSA, statutes that speak for themselves and contains the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language and meaning of the APA and the MSA.  Federal Defendants deny the allegations in the second sentence of Paragraph 122.

123.  Federal Defendants deny the allegations in the first sentence of Paragraph 123.  The allegations in the second and third paragraphs of Paragraph 123 are vague and ambiguous, and Federal Defendants deny them on that basis.  Federal Defendants aver that NMFS does not currently view Atka and Pacific cod fisheries as overfished or approaching overfished status.  The allegations in the fourth sentence of Paragraph 123 are vague and ambiguous, and Federal Defendants deny them on that basis, and aver that NMFS complied with the APA and carried out its mission.

124.  Federal Defendants deny the allegations in Paragraph 124.

125.  The allegations in Paragraph 125 state legal conclusions that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

126.  Federal Defendants deny the allegations in the first sentence of Paragraph 126.  The allegations in the second sentence of Paragraph 126 are Plaintiffs' characterization of their claims

for relief that require no response.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' prayer for relief, which requires

no response.  To the extent a response is required, Federal Defendants deny that Plaintiffs are

entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  This court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

3.  Some or all of Plaintiffs' claims in this action are barred by reason of the failure to

exhaust administrative remedies.

4.  To the extent Plaintiffs present to the Court any issue or contention which is contrary

to any position taken by Plaintiffs in prior litigation or administrative proceedings, Plaintiffs are

waived or estopped from presenting any such issue, contention or claim.


Dated this 4th day of March, 2011.                    Respectfully submitted,


                                                        IGNACIA S. MORENO
                                                        Assistant Attorney General
                                                        Environment and Natural Resources
                                                        Division
                                                        SETH M. BARSKY, Section Chief
                                                        KRISTEN L. GUSTAFSON,
                                                        Assistant Chief


                                                          _/s/ Daniel Pollak_____
                                                        DANIEL POLLAK, Trial Attorney
                                                        (Cal. Bar 264285)

U.S. Department of Justice
Environment and Natural Resources
Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C.  20044-7369
Tel: (202) 305-0201
Fax: (202) 305-0275
Daniel.pollak@usdoj.gov

JOHN H. MARTIN, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources
Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace Suite 370
Denver, CO 80202
Tel: (303) 844-1383
Fax: (303) 844-1350
John.h.martin@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment and Natural Resources
Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Tel: (907) 271-5452
Fax: (907) 271-5827
Dean.dunsmore@usdoj.gov

Attorneys for Federal Defendants

<u>Certificate of Service</u>

I hereby certify that on March 4, 2011, I electronically filed the foregoing Answer with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.


*/s/ Daniel Pollak*
DANIEL POLLAK